IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERRY CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-cv-271-WHA-TFM |
| | ) | |
| THE LINCOLN NATIONAL LIFE | ) | (WO) |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on the Defendant's Motion to Dismiss Plaintiff's State Law

Claims, Claims for Punitive and Extracontractual Damages, and to Strike Demand for Jury Trial

Pursuant to ERISA (Doc. # 2). Also before the court are the Plaintiff's Response (Doc. # 5) and

the Defendant's Reply thereto (Doc. # 6). The Defendant asks the court to dismiss the state law

claims in this case and require the Plaintiff to replead them as claims pursuant to the Employee

Retirement Income Security Act of 1974 (ERISA), on the ground that the state claims are

preempted by ERISA. For the reasons to be discussed, the Motion to Dismiss and related

motions are due to be GRANTED.

**II. STANDARD OF REVIEW**

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*,

467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5

F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by

a two-prong approach: one, the court is not bound to accept conclusory statements of the

elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III. FACTS

The Plaintiff is employed by Kumi Manufacturing Alabama, LLC ("Kumi").  As a full-time hourly employee, the Plaintiff participated in a short term disability policy issued by the Defendant to Kumi.  She also signed up for a separate long term disability policy issued to Kumi, specifically Policy No. 000400095046.  The Plaintiff suffers from "Chronic Obstructive Pulmonary Disease (COPD), bilateral carpal tunnel syndrome, chronic fatigue, and right knee pain."  (Doc. # 1-3 at 2 ¶ 4.)  She filed claims with Defendant under both her short term and long term disability policies.  After a twenty-four month "Own Occupation Period," the Defendant denied further benefits to which Plaintiff believed she was entitled.  She exhausted her appeals with the Defendant by March 31, 2014.

On March 17, 2015, the Plaintiff filed a three-count complaint in the Circuit Court of Chilton County, Alabama (Doc. # 1-3).  The complaint alleges claims against the Defendant for breach of contract, misrepresentation and fraud, and bad faith.  All three counts relate to the Defendant's denial of benefits under the long term disability policy.

The Defendant removed the case to federal court on April 23, 2015, and on the same day filed the instant motion, asking the court to dismiss the Plaintiff's state law claims and claims for extracontractual damages, and to strike the Plaintiff's jury demand.

## IV. DISCUSSION

There are two types of ERISA-related preemption: 1) complete preemption, which is jurisdictional; and 2) conflict or defensive preemption, which is an affirmative defense to preempted state law claims. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343–44 (11th Cir. 2009). Both types of preemption are at issue in this case, and the court will discuss each in turn.

### a. Subject Matter Jurisdiction

Although a motion to remand has not been filed in this case, the court is required to satisfy itself that it may exercise proper jurisdiction over the claims in the case. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Because the court finds it has proper federal question jurisdiction due to complete preemption under ERISA, it will not discuss diversity jurisdiction as an alternative basis for jurisdiction.[1]

As stated above, complete preemption under ERISA is jurisdictional. "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Anthem*, 591 F.3d at 1343. Accordingly, if there is

---

[1] Although the Plaintiff has not filed a Motion to Remand, her Response to the Motion to Dismiss includes a paragraph on diversity jurisdiction, in which she states that she "would respectfully argue to the Court that her position is that diversity does not exist." (Doc. # 5 at 3.) The Plaintiff argues that because the events giving rise to her claims took place in Alabama, there is no diversity jurisdiction. The court notes that the location in which the events took place is more relevant to a choice of law analysis than to a determination of diversity jurisdiction. In any event, this line of argument is moot, because the court has determined for reasons set forth in this Order that it has proper federal question jurisdiction over this case.

complete preemption in this case, then the court has federal question jurisdiction under 28 U.S.C. § 1331 because the state law claims become statutory federal claims. "Complete preemption derives from ERISA's civil enforcement provision, § 502(a)." *Id.* at 1344. As a result, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987).

The Eleventh Circuit has expressly adopted the two-part test set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), for determining which claims fall within the scope of § 502(a). *Anthem*, 591 F.3d at 1345. As summarized by the Eleventh Circuit, the *Davila* test "requires two inquiries: (1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Id.*

**1.  Whether the Plaintiff could have brought her claims under § 502(a)**

Under ERISA § 502(a)(1)(B), a civil action may be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). In *Davila*, the Supreme Court observed that "[t]his provision is relatively straightforward," and that "if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan," then the first prong of the two-part test is satisfied.   542 U.S. at 210.

Here, the Plaintiff's allegations amount to "complaining of a denial of coverage" and the plan is regulated by ERISA. Her state court complaint alleges that she was "denied further benefits" under the long term disability policy after twenty-four months, and that she is "entitled to further benefits under the long term disability policy." (Doc. # 1-3 at 2 ¶¶ 6, 8.) All three of

the claims in the complaint arise out of the denial of benefits Plaintiff believes she is due under the policy.

The long term disability policy at issue in this case qualifies as an ERISA-regulated plan. Under the terms of the statute, an "employee welfare benefit plan" is "any plan, fund, or program" that is "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits for [disability, among other items in an enumerated list]."  29 U.S.C. § 1002(1).  In this case, the long term disability policy at issue, Policy No. 000400095046, was issued by the Defendant to Kumi Manufacturing Alabama, L.L.C., Plaintiff's employer.  (Doc. # 2-1 at 2.)  Plaintiff is part of the eligible class consisting of all full-time hourly employees, and thus is eligible as a participant in the plan because of her employment with Kumi.  (*Id.* at 5.)  Kumi was the "Policyholder" under the terms of the plan, administered the policy, and had the right to terminate it at any time.  (*Id.* at 2, 13, 20.)  The policy itself makes clear that it was both established and maintained by Kumi in order to provide disability benefits to its employees, including the Plaintiff.

In response to the motion to dismiss, the Plaintiff states that she "has limited information as to whether the long term disability policy was an ERISA plan in name only."  (Doc. # 5 at 2.)  Plaintiff appears to make allegations to the effect that "the Defendant used 'accounting' procedures to afford it the protections under ERISA and to avoid claims for punitive damages in state court."  (*Id.*)  Ultimately, all that Plaintiff states in conclusion to this argument is that "the policy may not have been an employee benefit plan."  (*Id.*)

In determining whether a plan was "established or maintained" within the meaning of the statute, a court's attention and analysis "necessarily focuses on the employer and its involvement

with the administration of the plan." *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257, 1263 (11th Cir. 2004) (internal quotations and citations omitted).  Courts must examine "whether [the employer] intended to establish or maintain a plan to provide benefits to its employees as part of the employment relationship." *Id.* at 1263–64.  Here, the policy itself reveals that Kumi acquired the long term disability policy in its own name, and that all of its full-time hourly employees were eligible for benefits.  Kumi played a role in administering the policy and could terminate it unilaterally.  These factors lead the court to conclude that this policy was part of a plan meant to provide benefits as part of the employment relationship, and that this case therefore involves an ERISA-regulated plan.

Because the plan falls within the statute and because the crux of the Plaintiff's claims is that she was denied benefits, the court is satisfied that the Plaintiff could have brought her claims under § 502(a).

### 2.   Whether no other legal duty supports the Plaintiff's claims

The Eleventh Circuit, as informed by *Davila*, has consistently held that claims that "challenge[] coverage determinations under ERISA plans clearly implicate[] ERISA." *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010) (summarizing *Anthem*, 591 F.3d at 1353).  Stated another way, the second prong of the *Davila* test is satisfied when "the content of the claims necessarily requires the court to inquire into aspects of the ERISA plan[] because of the invocation of terms defined under the plan[]." *Id.*

Here, the Plaintiff's state court complaint challenges a coverage determination under an ERISA plan.  Furthermore, the state court complaint invokes terms defined under the plan, such as the "Own Occupation Period" as defined in the policy.  (Doc. # 1-3 at ¶¶ 6–7.)  Pursuant to

Eleventh Circuit precedent, no other legal duty supports the Plaintiff's claims, and the second prong of the *Davila* test is satisfied.

To the extent that the Plaintiff's Response cites case law inconsistent with the foregoing conclusions, the court rejects it as both not binding and not persuasive because it is at odds with the state of the law as set out in *Davila* and *Anthem*. Because both prongs of the two-part *Davila* test have been met, complete preemption is applicable in this case. The Plaintiff's state law claims are completely preempted by ERISA, meaning that the court has proper federal question jurisdiction over the claims. Accordingly, the court will next consider whether the claims are due to be dismissed due to conflict or defensive preemption.

### b.  Motion to Dismiss

"[D]efensive preemption is a substantive defense, justifying dismissal of preempted state law claims." *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006). Defensive preemption arises out of ERISA § 514(a), which has an "expansive sweep." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). A state law claim is defensively preempted "if it *relates* to an ERISA plan." *Jones*, 457 F.3d at 1179 (emphasis in original). Defensive preemption is broad in scope, in that a claim relates to a benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983). Because complete preemption is narrower in scope than defensive preemption, "[i]f the plaintiff's claims are [completely] preempted, then they are also defensively preempted." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999).

Here, the court has already determined that the state claims in this case are completely preempted. For the reasons described above, they also "relate to" the ERISA plan at issue. In addition to falling within the narrower definition of complete preemption, these state law claims

fall within the broader scope of defensive preemption.  Plaintiff's breach of contract, misrepresentation and fraud, and bad faith claims are all rooted in her allegation that the Defendant denied benefits due to her under the ERISA-regulated long term disability policy. Therefore, defensive preemption is applicable.  The Motion to Dismiss the state law claims is due to be GRANTED, but the court will afford the Plaintiff an opportunity to amend her Complaint in order to allege claims under ERISA.

### c.  Remaining Motions

The Defendant has also asked the court to dismiss the Plaintiff's claims for punitive and extracontractual damages, and to strike the Plaintiff's demand for a jury trial, arguing that neither the right to a jury trial nor extracontractual damages are available in an ERISA case.

As to extracontractual damages, the Defendant is correct. "[A] plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages."  *Godfrey v. BellSouth Telecomms., Inc.*, 89 F.3d 755, 761 (11th Cir. 1996); *see also Anderson v. Unum Life Ins. Co. of Am.*, 414 F. Supp. 2d 1079, 1093 n.13 (M.D. Ala. 2006) (citing *Godfrey* for the proposition that extracontractual damages, including compensatory and punitive damages, "are not authorized under ERISA").  The Defendant's Motion to Dismiss the claims for extracontractual damages, punitive and otherwise, is due to be GRANTED.

The Defendant is also correct that no right to a jury trial exists for claims brought under ERISA.  *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1527 (11th Cir. 1996); *see also Karns v. Disability Reinsurance Mgmt. Servs., Inc.*, 879 F. Supp. 2d 1294, 1298 (N.D. Ala. 2012) ("The Eleventh Circuit has routinely held that plaintiffs are not entitled to a jury trial

pursuant to the provisions of ERISA.") (internal quotations and citations omitted).  The Motion

to Strike the jury demand is due to be GRANTED.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Dismiss (Doc. # 2) is GRANTED as to Plaintiff's state law claims,

    without prejudice to the filing of an Amended Complaint asserting claims under ERISA.

2.  The Motion to Dismiss (Doc. # 2) is GRANTED as to claims for extracontractual

    damages, including compensatory and punitive damages.

3.  The Motion to Strike Jury Demand (Doc. # 2) is GRANTED.

4.  The Plaintiff is given until **July 8, 2015** to file an Amended Complaint which asserts a

    claim under ERISA only.  If no Amended Complaint is filed by that time, this case will

    be dismissed with prejudice.


DONE this 24th day of June, 2015.



 /s/  W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE